# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT )<br>30 North Gould Street )<br>Suite 12848 )<br>Sheridan, WY 82801 )<br>)<br>      Plaintiff, )<br>  v. )<br>)<br>UNITED STATES DEPARTMENT OF STATE )<br>2201 C Street NW )<br>Washington, DC 20451 )<br>)<br>      Defendant. ) | Case No. 24-cv-3046 |

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff GOVERNMENT ACCOUNTABILITY & OVERSIGHT ("GAO") for its Complaint against Defendant UNITED STATES DEPARTMENT OF STATE ("STATE"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* for declaratory, injunctive, and other relief, seeking immediate processing and release of agency records responsive to two August 2024 FOIA requests submitted by Plaintiff.

2. This action is filed following the State's failure to comply with the express terms of FOIA, including but not limited to its failure to provide any substantive response to the requests at issue.

3. State's failure to comply with FOIA includes but is not limited to the agency's failure to, e.g., fulfill its obligation to make a "determination" as that term is defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013), its failure to respond to Plaintiff's requests, and its constructive

or actual withholding of responsive information and/or documents in violation of Defendant's obligations.

## **PARTIES**

4. Plaintiff Government Accountability & Oversight ("GAO") is a nonprofit research and public policy organization and is a nonprofit corporation under the laws of Wyoming. GAO is dedicated to education regarding responsible regulation and transparency in government, a key part of which is seeking public records illuminating how policymakers use public resources, and with whom.

5. Defendant State Department is a federal agency headquartered in Washington, DC.

## **JURISDICTION AND VENUE**

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. Plaintiff is not required to further pursue administrative remedies before seeking relief in this Court because Defendant neither produced records nor made a timely "determination" as that term is defined in *Citizens for Responsibility & Ethics in Wash. v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013). See also, e.g., *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves similarly situated plaintiffs of any exhaustion requirement).

## **PLAINTIFF'S AUGUST 5, 2024 FOIA REQUEST**

9. On August 5, 2024, Plaintiff submitted by email and internet portal a FOIA request to defendant seeking copies of described electronic correspondence of a particular State Department official which correspondence also included either of two other named

government officials who, news reports confirm, are performing functions as, in or for the same State Department's office.

10. Plaintiff requested a waiver of its fees on the alternative bases of the public interest and plaintiff's status as a media requester as recognized by federal agencies for FOIA purposes.

11. On August 5, 2024, defendant acknowledged the request and assigned it request number F-2024-16842.

12. On August 30, 2024, Defendant took a ten-day extension of time claiming "unusual circumstances" exist.

13. Neither State's August 5, 2024 correspondence nor its August 30, 2024 correspondence provided a determination either on plaintiff's requests in the alternative for fee waiver, or plaintiff's request.

14. State has never substantively responded to the August 5, 2024 request or issued a determination with respect to that request.

## PLAINTIFF'S AUGUST 7, 2024 FOIA REQUEST

15. On August 7, 2024, Plaintiff submitted by email and internet portal a FOIA request to defendant seeking copies of described electronic correspondence of a second State Department official which correspondence also included either of two other named government officials who, news reports confirm, are performing functions as, in or for the same State Department's office.

16. Plaintiff requested a waiver of its fees on the alternative bases of the public interest and plaintiff's status as a media requester as recognized by federal agencies for FOIA purposes.

17. On August 7, 2024, defendant acknowledged the request and assigned it request number F-2024-17065.

18. This correspondence did not provide a determination either on plaintiff's requests in the alternative for fee waiver, or plaintiff's request.

19. State has never substantively responded to the August 7, 2024 request or issued a determination with respect to that request.

## **LEGAL ARGUMENTS**

20. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

21. 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

22. State owed plaintiff a "*CREW*" response to its requests, including a "determination" on plaintiff's requests in the alternative for fee waiver, as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), no later than September 5, 2024 (F-2024-17065) and September 17, 2024 (F-2024-16842).

23. However, State has provided no substantive response or "determination" with respect to the requests or the requests in the alternative for fee waiver.

24. State is now past its statutory period for issuing such a determination on the above-described requests without providing any substantive response to plaintiff's requests in violation of its obligations under FOIA.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

25. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

26. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

27. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

28. Plaintiff is not required to further pursue administrative remedies.

29. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to its FOIA requests described above, and any attachments thereto, but defendant has failed to provide the records;

    b. State's processing of plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy State's obligations under FOIA;

c. State must now produce records responsive to plaintiff's ss, and must do so without cost to the plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

30. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

31. Plaintiff is entitled to injunctive relief compelling defendant to produce the records responsive to the FOIA requests described herein.

32. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to plaintiff, within 20 business days of the date of the order, the requested records sought in plaintiff's FOIA requests described above, and any attachments thereto, at no cost to the plaintiff.

33. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiff's challenges to State's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees

34. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

35. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

36. This Court should enter an injunction or other appropriate order requiring the defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

Government Accountability & Oversight respectfully requests this Court:

a. Assume jurisdiction in this matter, and maintain jurisdiction until the defendant complies with FOIA and every order of this Court;

b. Declare Defendant has violated FOIA by failing to provide plaintiff with the requested records, and/or by failing to notify plaintiff of final determination within the statutory time limit;

c. Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

d. Order defendant to expeditiously provide the requested records to plaintiff within 20 business days of the Court's order and without cost to the plaintiff;

e. Award plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

f. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 25th day of October 2024,

GOVERNMENT ACCOUNTABILITY & OVERSIGHT
By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

s/Christopher Horner
Christopher Horner, D.C. Bar No. 440107
Max Will, PLLC
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 262-4458
Email: Chris@CHornerLaw.com